Patricia ZACHARIE, Cheryl Zacharie, Marsha Zacharie, Individually and on Behalf of the Estate of Martha Ray Zacharie, Deceased, Appellants,

v.

U.S. NATURAL RESOURCES, INC., Friedrich Air Conditioning & Refrigeration Co., and The Friedrich Company, Appellees.

No. 04–02–00273–CV.

Court of Appeals of Texas, San Antonio.

Nov. 20, 2002.

Jason A. Gibson, Shelton Smith & Associates, Houston, Michael J. O'Connor, Law Offices of Michael J. O'Connor, Goode Casseb Jones Riklin Choate & Watson, P.C., Timothy Bryan Smith, Law Office of Tim Smith, P.C., San Antonio, for Appellant.

George H. Spencer, Jr., David Stephenson, and Jeff Jowers, Clemens & Spencer, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

Patricia Zacharie, Cheryl Zacharie, and Marsha Zacharie (the "Zacharies"), the children of Martha Ray Zacharie, individually and on behalf of the Estate of Martha Ray Zacharie, deceased, appeal the trial court's summary judgment granted in fa-

vor of the defendants, U.S. Natural Resources, Inc. ("U.S. Natural"), Friedrich Air Conditioning & Refrigeration Co. ("FAC"), and The Friedrich Company ("Friedrich") (collectively "the Defendants"). The Zacharies assert three issues on appeal, contending: (1) the accrual date of the negligence, negligence per se, and occupational disease claims was established as a matter of law and the claims were not barred by limitations; (2) each of Martha's separate occupational disease claims accrued on a separate date; and (3) the Zacharies have an independent cause of action for gross negligence and exemplary damages under Article 16, Section 26 of the Texas Constitution and the Texas Workers' Compensation Act. We affirm the trial court's judgment as to the negligence, negligence per se, and occupational disease claims, but we reverse the trial court's judgment as to the gross negligence claim and remand that claim for further proceedings consistent with our opinion.

## FACTS AND PROCEDURAL HISTORY

This is a latent-occupational disease case arising from Martha Ray Zacharie's ("Martha") employment at FAC, an air conditioning manufacturing plant, from 1958 to 1995. At FAC, Martha worked in a dust-laden environment and was exposed to airborne substances. Between 1995 and 1998, Martha consulted various doctors. On January 20, 1999, Dr. Peter A. Petroff issued a report that diagnosed Martha as suffering from "[p]neumoconiosis, probably silicosis." Dr. Petroff's report noted that Martha had been exposed to both silicosis and asbestosis type products "over many years." After Dr. Petroff issued the report, Martha's attorney, Mr. Jason Gibson, spoke with Dr. Petroff, who advised him "that he needed to know the substances [that] Martha Zacharie had been exposed before he could make a final diagnosis."

On January 19, 2001, one day before the statute of limitations deadline, Martha filed suit against the Defendants alleging negligence and asking for actual and exemplary damages. That same day, Martha's attorney requested three citations to be issued by private process. Although the citations were issued, they were never served. The clerk returned the unserved citations to the file on February 23, 2001. Martha's attorney claimed that the Bexar County District Clerk's office never contacted him or his office to notify him that the citations were ready to be picked up.

On May 11, 2001, Martha died of chronic bronchiectasis. On June 18, 2001, the Zacharies, who are Martha's daughters, joined the lawsuit and amended Martha's original petition to bring a cause of action under the Texas Wrongful Death Act and the Texas Survival Statute. In addition, the Zacharies asserted claims of gross negligence and negligence per se. The Zacharies further asserted alternative claims for the diseases of silicosis, siderosis, and chronic bronchiectasis. On June 28, 2001, the Zacharies served citations to U.S. Natural, FAC, and Friedrich. The Defendants moved for summary judgement on the affirmative defense of the statute of limitations. The trial court granted the Defendants' motion for summary judgment. The Zacharies timely appealed.

## STANDARD OF REVIEW

Under traditional summary judgment standards, a party moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). If the

defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that element. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex.App.-Corpus Christi 1991, writ denied). In reviewing a motion for summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon,* 690 S.W.2d at 548–49. All reasonable inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.* at 549.

A party moving for summary judgment based on the affirmative defense of the statute of limitations has the burden to "prove conclusively the elements of that defense." *Pustejovsky v. Rapid–Am. Corp.,* 35 S.W.3d 643, 646 (Tex.2000); *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex.1997). If the plaintiff pleads the discovery rule as an exception to the statute of limitations, the defendant has the additional burden to negate that exception. *Id.* The movant must prove "when the cause of action accrued and must negate the plaintiff's assertion of the discovery rule by proving that as a matter of law, it does not apply or that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury." *Howard v. Fiesta Texas Show Park, Inc.,* 980 S.W.2d 716, 719 (Tex.App.-San Antonio 1998, pet denied) (citing *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990) and *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 n. 2 (Tex.1988)). If the movant fails to do so, then a fact question arises about when the limitations period commenced. *Id.*

### ACCRUAL DATE AS A MATTER OF LAW AND DUE DILIGENCE

The critical issue in this case is whether Martha's negligence, negligence per se, and occupational disease claims accrued on or before January 20, 1999 and whether Martha acted diligently in serving process on the defendants.

### 1. *Statute of Limitations and Accrual Date as a Matter of Law*

In their first point of error, the Zacharies contend that the trial court improperly granted the Defendants' motion for summary judgment on the limitations grounds because the Defendants failed to establish the accrual date of Martha's negligence, negligence per se, and occupational disease claims as a matter of law. The Zacharies maintain that Martha's claims accrued on the date of her death and not on January 20, 1999, the date of Dr. Petroff's report, because the Defendants failed to provide objective verification of a causal connection between Martha's injury and her toxic exposure. We disagree.

In general, a plaintiff must file a personal injury suit "within two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2002); *Childs v. Haussecker,* 974 S.W.2d 31, 36 (Tex.1998). Because section 16.003(a) of the Texas Civil Practice and Remedies Code does not define the accrual date, the courts must determine the accrual date for limitations purposes. *Id.; S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996). A cause of action generally accrues when a wrongful act causes a legal injury regardless of when the plaintiff discovers the injury or if all resulting damages have not yet occurred. *Id.* Courts apply the discovery exception, however, "when the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Childs,* 974 S.W.2d at 36–37.

In latent—occupational disease cases, such as this case, a cause of action does not accrue "until a plaintiff's symp-

toms manifest themselves to a degree or for a duration that would put a reasonable person on notice that he or she suffers from some injury and he or she knows, or in the exercise of reasonable diligence should have known, that the injury is likely work-related." *Id.* at 40. "Discovery of the injury" does not mean that the plaintiff need discover the exact "name of the disease that is causing his symptoms or that the disease is permanent." *Id.* at 41. A plaintiff does not need to know the seriousness of the injury or have a confirmed medical diagnosis for a cause of action to accrue. *Id.* at 41–42. There must be some objective verification of a causal connection between the occupational exposure and the plaintiff's injury, however, "provided that the failure to obtain verification is not occasioned by a lack of due diligence." *Id.* at 43. "[A] diligent plaintiff's mere suspicion or subjective belief that a causal connection exists between his exposure and his symptoms is, standing alone, insufficient to establish accrual as a matter of law." *Childs*, 974 S.W.2d at 43. Disputes over the discovery rule usually raise questions for the trier of fact, however, "the commencement of the limitations period may be determined as a matter of law if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Id.* at 44.

■ The Zacharies argue that the date of Dr. Petroff's report does not establish the accrual date because Martha was not aware of what lung disease she actually suffered from, she was unable to explain the source of toxic exposure, and she did not have a final diagnosis from a doctor. However, the *Childs* court is clear that "discovery of the injury" does not mean that the plaintiff need discover the exact name of the disease that is causing his symptoms or have a confirmed medical diagnosis for a cause of action to accrue.

*Id.* at 41–42. Martha's symptoms of chronic cough and shortness of breath, along with Dr. Petroff's report, are evidence that she knew she was suffering from a lung disease. Dr. Petroff's report diagnosed Martha's condition as pneumoconiosis, probably silicosis and his written impression clearly indicates it was work related. Looking at the record as a whole and viewed in the light most favorable to the non-movant, the summary judgment evidence in this case shows that Martha's symptoms, coupled with Dr. Petroff's report, would put a reasonable person on notice that she suffered from some injury and that she knew the injury was likely work-related.

The only fact that could possibly raise an issue precluding summary judgment is the affidavit of Martha's attorney stating that the doctor told him he needed more information regarding the types of substances Martha had been exposed to in order to make a final diagnosis. This fact alone, however, is insufficient to raise an issue under *Childs*. Because Martha knew she suffered from a lung disease and that it was likely work-related, Martha's claims accrued on January 20, 1999, which triggered the two-year limitations period. Although Martha timely filed her petition on January 19, 2001, one day before the limitations period ran, we next must consider if she exercised due diligence in serving the Defendants.

### 2. *Due Diligence in Serving Process*

The Defendants contend that even if Martha filed her petition before limitations ran, her claims are barred by limitations because she failed to diligently seek service of process. The Zacharies argue, however, that summary judgment was improper because the Defendants had to prove that due diligence was lacking as a matter of law.

In general, a plaintiff must "bring suit" within the applicable statute of limitations period. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990). "Bringing suit" requires that the plaintiff file a petition within the limitations period and use due diligence in serving the defendant with citation. *Id.* When a plaintiff files suit within the limitations period, but fails to serve the defendant until after limitations has expired, "the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." *Id.; Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 890 (Tex.1975) (per curiam). Our court has held that due diligence is usually a question of fact that is "determined by a two-prong test: (1) whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Rodriguez v. Tinsman & Houser, Inc.,* 13 S.W.3d 47, 49 (Tex.App.-San Antonio 1999, pet. denied). A lack of due diligence can be found as a matter of law if the plaintiff offers no valid excuse for lack of service *or* "if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence." *Id.* Even if an explanation is offered, a lack of diligence can be found if the explanation affirmatively establishes a lack of diligence. *Id.* The explanation must involve diligence in seeking service of process. *Id.*

Texas courts have consistently held that unexplained delays of five and six months in requesting issuance and service of citation constitute a lack of due diligence as a matter of law. *See Keeton v. Carrasco,* 53 S.W.3d 13, 18 (Tex.App.-San Antonio 2001, pet. denied); *Southern County Mut. Ins. Co. v. Ochoa,* 19 S.W.3d 452, 462 (Tex.App.-Corpus Christi 2000, no pet.). Our court has noted, however, that in these cases the period of delay is not the critical factor. *Keeton,* 53 S.W.3d at 18. The burden is on the movant to show that, as a matter of law, diligence was not used to effectuate service. *Gant,* 786 S.W.2d at 260; *Rodriguez,* 13 S.W.3d at 49.

The Zacharies offer several excuses for Martha's failure to serve the Defendants, including the fact there was a possibility of a workers' compensation exclusive remedy bar and that Martha's claims were not objectively verified. A fact issue exists, however, only if the offered explanation is reasonable or valid and involves diligence to actually seek service of process. *Rodriguez,* 13 S.W.3d at 49–50. In the instant case, the only excuse that involves the issue of due diligence is that the district clerk did not notify Martha's counsel that the citations were ready to be picked up. Our court has held that an "invalid explanation of delay, like no explanation for delay, constitutes lack of diligence as a matter of law." *See Rodriguez,* 13 S.W.3d at 51 (holding that plaintiff's complete failure to attempt service due to a miscommunication failed to raise a fact issue); *Jimenez v. County of Val Verde,* 993 S.W.2d 167, 168 (Tex.App.-San Antonio 1999, pet. denied) (concluding that explanation in which plaintiff's lawyer relied upon process server failed to raise fact issue as to diligence). In addition, the Fifth Court of Appeals has held that a plaintiff's failure to act during a three-month time period in which a district clerk failed to issue citations constituted a lack of due diligence as a matter of law. *Boyattia v. Hinojosa,* 18 S.W.3d 729, 734 (Tex.App.-Dallas 2000, pet. denied).

Looking at the totality of the record, the summary judgment evidence shows that Martha did not diligently seek service of process because the requested citations sat unclaimed in the district clerk's office for five and one-half months after the original petition was filed and before being served

on the Defendants. The affidavits of Martha's own attorneys show that although they timely requested citation, they took no action to attempt service for five and one-half months after the petition was filed. There is no evidence in the record to show that Martha or her attorneys actually attempted service on the Defendants during the five and one-half month time period or even called the district clerk's office to inquire about the status of the citation. The lapse of time, together with the inaction of Martha's counsel is evidence that Martha lacked due diligence as a matter of law. Because Martha failed to serve the Defendants until after the limitations period had expired and she lacked due diligence as a matter of law, the date of service does not relate back to the date of filing. We hold, therefore, that the trial court did not err in determining that limitations was not tolled and limitations barred the negligence and negligence per se claims as a matter of law. Before deciding the effect of limitations on Martha's occupational disease claims, we must consider the application of the single action rule.

## THE SINGLE ACTION RULE AND ACCRUAL OF SEPARATE OCCUPATIONAL DISEASES

In their second point of error, the Zacharies assert that even if Martha's silicosis claim accrued on January 20, 1999, Martha's other claims of siderosis and chronic bronchiectasis had not yet accrued because they were separate diseases that resulted from separate disease processes related to one exposure. We disagree.

In general, a plaintiff must bring "one indivisible cause of action for all damages arising from a defendant's single breach of a legal duty." *Pustejovsky v. Rapid–Am. Corp.*, 35 S.W.3d 643, 646 (Tex.2000). This rule, known as the single action rule, is a species of res judicata that

"prohibits splitting a single cause of action and subsequently asserting claims that could have been litigated in the first instance." *Id.* at 647. Keeping this single action rule in mind, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur. *Childs,* 974 S.W.2d at 36; *S.V.,* 933 S.W.2d at 4. As stated above, the discovery rule exception will apply where the nature of the injury is inherently undiscoverable and the injury is objectively verifiable. *Id.*

The determinative issue in the instant case is whether more than one cause of action can accrue from a particular toxic exposure thereby triggering separate limitations periods for each claim. The Zacharies incorrectly argue that the Texas Supreme Court, in *Childs v. Haussecker,* "held and approved of the argument that when more than one separate disease process results from a particular exposure, the statute of limitations run separately for each distinct disease." The *Childs* Court, however, clearly left that question open. *See Childs,* 974 S.W.2d at 41; *Pustejovsky,* 35 S.W.3d at 651. It was not until two years later that the supreme court finally addressed the question that it left open in *Childs*—"whether limitations should run for separate diseases from the same exposure that manifest at different times." *Pustejovsky,* 35 S.W.3d at 651. In *Pustejovsky,* the supreme court held that "a person who sues on or settles a claim for a non-malignant asbestos-related disease with one defendant is not precluded from a subsequent action against another defendant for a distinct malignant asbestos-related condition." *Id.* at 653. The court limited its holding to "asbestos-related diseases resulting from workplace exposure," recognizing that asbestos litigation is a mature tort in which courts have had

extensive experience and medical science is advanced. *Id.* at 653–54.

In this case, Martha's claims were not related to non-malignant asbestosis or malignant mesothelioma. No medical evidence was presented to show that chronic bronchiectasis or siderosis were separate disease processes from silicosis that have separate latency periods so as to trigger separate limitations for each disease. All of the occupational disease claims are subject to the single action rule and the discovery rule stated in *Childs.* In applying the single action rule to the instant case, Martha was only entitled to bring one cause of action for all of her injuries resulting from her toxic exposure while employed at FAC. Because Martha's claim for silicosis accrued on January 20, 1999, then her additional claims based on chronic bronchiectasis and siderosis also accrued on the same date. Thus, the statute of limitations began to run for all causes of actions based on her 1999 diagnosis of pneumoniocosis, probably silicosis, and we hold that the trial court properly granted summary judgment as to the occupational disease claims.

## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES CLAIMS

In their third point of error, the Zacharie children argue that they have an independent, non-derivative cause of action under Article 16, Section 26 of the Texas Constitution and section 408.001 of the Texas Labor Code, or the Texas Workers' Compensation Act ("TWCA"), for gross negligence and exemplary damages. The Defendants, however, assert that the Zacharie children cannot maintain an independent cause of action for gross negligence and exemplary damages because they are not entitled to compensatory relief. The Defendants argue that the Zacharie children are not entitled to compensatory re-

lief because their wrongful death and survival actions are barred by limitations.

In general, the TWCA provides that a worker covered by workers' compensation insurance, or his legal beneficiary, may only recover benefits for work-related injuries or death. TEX. LAB.CODE ANN. 408.001(a) (Vernon 1996). Under the Texas Constitution, however, "[e]very person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages," to the surviving spouse or heirs. TEX. CONST. art. XVI, § 26. In addition, the TWCA provides that it "does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." TEX. LAB.CODE ANN. § 408.001(b) (Vernon 1996). Although the Texas Supreme Court has not addressed the issue directly, the First and Fourteenth Courts of Appeal have held that the TWCA, in conjunction with Article 16, Section 26 of the Texas Constitution expressly allows a surviving spouse or child to bring an independent claim for exemplary damages against an employer for gross negligence that resulted in an employee's death. *See Perez v. Todd Shipyards Corp.,* 999 S.W.2d 31, 33 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (holding that the defendant's bankruptcy discharge did not bar the surviving children's cause of action for gross negligence, which was an independent, non-derivative cause of action expressly provided by the Texas Constitution and the TWCA); *see also Frias v. Atl. Richfield Co.,* 999 S.W.2d 97, 103 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *Smith v. Atl. Richfield Co.,* 927 S.W.2d 85, 88 (Tex. App.-Houston [1st Dist.] 1996, writ denied) ("[A]s a matter of law the cause of action for exemplary damages provided for in

section 408.001(b) of the Labor Code is still viable, and the surviving family is entitled to seek exemplary damages for the death of an employee caused by the employer's gross negligence or intentional act.").

Both the *Perez* Court and *Smith* Court cited several supreme court cases that, while not directly addressing the issue before our court, support the conclusion that an independent claim for exemplary damages is a viable cause of action. In *Wright v. Gifford–Hill & Co.*, the supreme court held that a surviving widow who failed to secure a jury finding of actual damages under the TWCA was not precluded from recovering exemplary damages. 725 S.W.2d 712, 713 (Tex.1987). The supreme court distinguished the well-settled rule that a plaintiff must secure a finding of actual damages to recover exemplary damages. *See Wright,* 725 S.W.2d at 714; *see also Nabours v. Longview Savings & Loan Ass'n,* 700 S.W.2d 901, 903 (Tex.1985); *City Products Corp. v. Berman,* 610 S.W.2d 446, 450 (Tex.1980); *Newman v. Tropical Visions, Inc.,* 891 S.W.2d 713, 721–22 (Tex.App.-San Antonio 1994, writ denied); *Nationwide Mutual Ins. Co. v. Holmes,* 842 S.W.2d 335, 339 (Tex.App.-San Antonio 1992, writ denied). The court reasoned that a plaintiff in a workers' compensation suit cannot recover actual damages and is limited to recovery of compensation benefits. *Id.* at 714. As a result, the issues of negligence and actual damages do not arise in "an action to recover exemplary damages for the death of an employee covered by workers' compensation insurance." *Id.* In *Universal Services Co. v. Ung,* the supreme court noted that although the decedent was covered by workers' compensation, the TWCA did not preempt the surviving family's gross negligence claim. 904 S.W.2d 638, 639–40 (Tex. 1995).

The Defendants argue that the Texas Supreme Court held in *Travelers Indemnity Co. of Illinois v. Fuller* that a plaintiff may not recover exemplary damages unless he or she is a "wrongful death beneficiary [who] otherwise possesses a cause of action for compensatory relief." 892 S.W.2d 848, 853 (Tex.1995). However, the Defendants' reliance on *Fuller* is misplaced. *Fuller* does not preclude a surviving spouse or child from suing an **employer** for gross negligence that resulted in an employee's death. In *Fuller,* the plaintiff sued the worker's compensation carrier of her deceased father's employer for gross negligence and exemplary damages. *Id.* at 849. At that time, the TWCA expressly prohibited any claims against insurance companies. *See id.* at 849–50. The supreme court held that Article 16, Section 26 guarantees the remedy of exemplary damages only when a wrongful death beneficiary otherwise possesses a cause of action for compensatory relief. *Id.* at 853. Because the TWCA expressly barred the plaintiff's compensatory damages claim against an insurance company, the court held that the plaintiff could not maintain its exemplary damages claim. *Id.*

During oral argument, the Defendants relied on *Russell v. Ingersoll–Rand Co.* asserting that the Zacharies' wrongful death action never accrued because Martha's own claims were barred by limitations. 841 S.W.2d 343, 348 (Tex.1992). This assertion is correct, but only as to any action the Zacharies may have brought under the Texas Wrongful Death Statute or Survival Statute. It does not deal with the gross negligence claim the Zacharies brought under the TWCA. *Russell* is distinguishable from our case because the Wrongful Death Statute and Survival Statute expressly state that any action brought under either are derivative of the dece-

dent's rights.[1] The *Russell* court correctly held that if a decedent could not maintain a personal injury suit at his death because it was barred by some defense such as limitations, "then there is no wrongful death action to accrue." *Russell*, 841 S.W.2d at 348–49. Martha could not have brought a claim for gross negligence and exemplary damages against her employer before her death. The Zacharie children's gross negligence claim is brought under the TWCA. *Russell*, while instructive, is not applicable.

In the instant case, the Zacharie children brought a claim for gross negligence and exemplary damages against Martha's employer under Article 16, Section 26 of the Texas Constitution and the TWCA. Because Texas law permits a surviving spouse or child to bring an independent cause of action for exemplary damages against an ***employer*** for gross negligence that results in an employee's death, the Zacharie children have a viable cause of action. Martha and her estate did not use due diligence in serving the Defendant, and therefore lost her cause of action. But her three daughters were not guilty of any delay. They could not have brought the gross negligence cause of action until their mother's death. Their rights are not derivative. The TWCA expressly gives it to them. When they were allowed to bring their suit they did. It would be a harsh law that denies relief to children simply on the basis that their deceased mother was not diligent enough in her own right. The faultless children should have an opportunity to show, if they can, that their mother's death was caused by the gross negligence of her employer. We hold, therefore, that the trial court erred in granting summary judgment as a matter of law on the Zacharie children's claim for gross negligence and exemplary damages.

## Conclusion

We affirm the trial court's grant of summary judgment as to the negligence, negligence per se, and occupational disease claims. We sustain the Zacharies' third point of error because they have an independent cause of action for exemplary damages against the Defendants for gross negligence. Accordingly, we reverse the trial court's judgment as to the Zacharies' gross negligence claim and remand that claim for further proceedings consistent with our opinion.

1. The Survival Statute at issue in *Russell* provides "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem.Code Ann. § 71.021(b); *Russell*, 841 S.W.2d at 345. The supreme court held that the survival action is "wholly derivative of the decedent's rights," therefore, "if a decedent's action would have been barred by limitation ... a survival action based on the same alleged wrong is likewise barred." *Russell*, 841 S.W.2d at 345. Similarly, the Wrongful Death Statute expressly states that a decedent's beneficiaries may maintain a cause of action "only if the individual injured would have been entitled to bring an action for the injury had he lived." Tex. Civ. Prac. & Rem. Code Ann. § 71.003(a); *Russell*, 841 S.W.2d at 348.