Opinion issued April 23, 2009










In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00948-CV




WILLIAM EARL CUNNINGHAM, Appellant




On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 00CV0156




MEMORANDUM OPINION
          Appellant William Earl Cunningham filed suit on February 14, 2000, against
individuals at The University of Texas Medical Branch at Galveston, alleging that they
operated on him on August 19, 1995, without consent. Stefan D. Trocme, M.D.
answered and filed a motion for summary judgment and motion for severance. The
district court rendered a summary judgment that Cunningham take nothing from
Trocme and severed Cunningham’s claim against Trocme. The clerk’s record reflects
that service of citation by certified mail on both Kapoor Shalint, M.D. and James E.
Pepperl, M.D. was ineffective. The district court dismissed the case for want of
prosecution on January 5, 2005, at which time no remaining defendant had either been
served or answered.
          Cunningham filed a document entitled “Motion for Out of Time Rehearing” on
March 24, 2005, in which he claimed he did not receive notice of the district court’s
judgment of dismissal until March 21, 2005. This Court construed that document as
a motion for new trial that requested relief pursuant to Texas Rule of Civil Procedure
306a(4), (5). We abated the appeal and remanded the case to the district court to hold
a hearing, make findings of fact regarding when Cunningham received notice, and to
rule on the “Motion for Out of Time Rehearing.” The district court found that
Cunningham first received notice of the judgment of dismissal March 21, 2005,
granted Cunningham’s motion for new trial, and reinstated the case on the court’s
docket. On May 3, 2007, this Court dismissed the appeal for want of jurisdiction. See
Cunningham, No. 01-05-00423-CV (Tex. App.—Houston [1st Dist.] May 3, 2007, no
pet.) (mem. op., not designated for publication).
 
          The district court signed a final judgment on August 16, 2007:
The above styled and numbered cause was filed on February 14,
2000, approximately four and a half years after the complained of events,
seeking recovery for damages allegedly occurring on or about August 19,
1995. Of the named Defendants, only Stefan D. Trocme M.D. was
served with citation. After having timely answered, the Court granted
summary judgment in favor of Defendant Trocme on October 3, 2001, on
the basis that Plaintiff’s causes of action were barred by the applicable
statute of limitations set out in Tex. Rev. Civ. Stat. Article 4590i


 [now
known as Tex. Civ. Practices and Remedies Code Sec. 74.251(a)


] as a
matter of law, and severed that case into cause number 00CV0156-A. 
Plaintiff initially sought to have the remaining Defendants served, but the
citations were returned unexecuted July 30, 2001 and Plaintiff did not
pursue further service attempts until after May 2007.
The Court having reviewed Plaintiffs numerous filings responsive
to the Show Cause Order Why Case Should Not Be Dismissed signed on
May 24, 2007, finds as follows:
•the statute of limitations to bring this lawsuit ran either on
August 19, 1997 or 75 days later, if proper notice of
Plaintiff’s claim had been given to Defendants;
•that plaintiff filed this lawsuit more than four years after the
“breach or tort or from the date the medical or health care
treatment that is the subject of the claim or hospitalization
for which the claim is made is completed” [CPRC
§74.251(a)


];
•that plaintiff has failed to demonstrate that the statute of
limitations was tolled for any time period to excuse the late
filing on February 14, 2000;
•that plaintiff has failed to establish that he was under any
legal disability which would toll the statute of limitations or
otherwise excuse the late filing;
•the absence of any Texas statute or applicable case law
recognizing incarceration or inmate status as a legal
disability to toll the statute of limitations on health care
liability claims; and
•that in any event, plaintiff did not exercise due diligence in
pursuing issuance and service of citation on defendants
through alternative or substituted means after the initial
attempts to serve the remaining defendants were returned
unexecuted, thus warranting dismissal for want of
prosecution.
It is therefore ORDERED that the above styled and numbered
cause is DISMISSED. All costs of suit are taxed to the Plaintiff.
Signed and entered on the 16th day of August, 2007.
 
/s/ John Ellison
JUDGE PRESIDING
 
          Cunningham filed multiple postjudgment documents, which the district court
treated as a single motion for new trial:
Whereas an Order Dismissing Cause was entered by the Court on
August 16, 2007 and Plaintiff filed Motions for New Trial on August 30,
2007, August 31, 2007, September 6, 2007, September 7, 2007, and
September 17, 2007; and Motions for Rehearing on August 31, 2007 and
September 6, 2007; and a Motion for Objection to the Court Order of
Dismissal on September 6, 2007 and a Motion for Contest on September
12, 2007; the Court having considered said Motions as a group to be
essentially one Motion for New Trial with numerous supplements and
amendments is of the opinion that Plaintiff’s Motion for New Trial
should be denied without the need for an evidentiary hearing.
It is therefore ORDERED that Plaintiff’s Motion for New Trial is
DENIED.
Signed and entered on the 3rd day of October, 2007.
 
/s/ John Ellison
JUDGE PRESIDING
          In his December 31, 2007 brief, appellant states the following:
Statute of limitation
1).Appellant assert; Zacharie __vs.__ U.S. Resourses, Inc; 94 S.W.3d
748 (App 4th Dist 2002)


; and Nelson __vs__ Krusen; 678 S.W.2d 918
(Sup 1984)


;Personal Injuries general occural of cause of actions and
inactions_____
2).Appellant assert legal disability of blindness pursuant to Ver’s.
Tex. C. Ann.; Civ. P. Rem. C.; 16.022


; 16.001


; pursuant to Ver’s. Tex.
C. Ann.; Government Code; 531.001


; Texas Commission for the blind;
Sutton __vs__ United Airlines, Inc.; 527 U.S. 471, 482; 119 S. U. Ct.
2139, 2146 (1999)


_____
3).Appellant assert legal disability of unsound mind pursuant to
Ver’s. Tex. C. Ann.; Civ. P. Rem. C.; 16.001


; 16.022


; Pursuant to
Ver’s. Tex. C. Ann.; Denison __vs__ TDCJ-ID; 2003 WL 21254862
(App 12 Dist 2003)


 mentally Ill_____
4).Appellant assert legal disability of intensive daily physical pain
and suffering; pursuant to Ver’s. Tex. C. Ann.; Civ. P. Rem. C.; 16.002


;
16.022


; 16.001


; pursuant to Kayla Stater __vs__ National Medical
Enterprises; 962 S.W.2w 228–236 (App. Tex Fort Worth 1998)


; Ver’s.
Tex. C. Ann.; Civ. P. Rem. Code; 74.251


_____
5). Appellant assert legal disability of confinement in administrative
segregation; pursuant to Ver’s. Tex. C. Ann.; Civ. Pract. Rem. Codes;
16.001


; 16.002


; 16.003


; 16.022


; pursuant to Rodrigues __vs__
Taylor; 238 F.3d 188, 197 (2d Cir. 2001)


_____
          6).     The limitations period for medical negligence claims is measured
from one of the three dates;
1).The occurrence of the breach or tort_____
2).The last date of the relevant course of treatment_____
3).The last date of the relevant hospitalization_____
Pursuant to Gilbert __vs__ Bartel; 144 S.W.3d 136 (Tex. App.
Fort Worth 2004).



                    . . . .
Argument
1).Request to appeal the Honorable John Ellison; judge for the 122nd
Judicial District Court of Galveston, County Texas; dismissal of cause
number 00CV0156; on date 10/03/07;
2).Pursuant to Ver’s. Tex. C. Ann.; Civ. St. Article 4498


; Physicians
must register with the County District Court to practice medicine in the
State of Texas____
3).The Judicial District Court of Galveston County, Texas; should
have the registration of many physician and physician assistant of the
UTMB; John Sealy Hospital, Galveston, Texas; pursuant to Ver’s. Tex.
C. Ann.; Civ. St. Article 4498


; 4510


; B.A._____
4).The 122nd Judicial District Court; Honorable John Ellison; judge
presiding; and subordinates; et c.; Galveston, County Texas; and in
violation of Ver’s. Tex. C. Ann.; Civ. St. Article 4498


; refusing to serve
UTMB; John Sealy Hospital officials and physicians with
summons_____
5).The Galveston, County Texas; District Court Clerk; Latonia D.
Wilson; and subordinates; et. AL; officials refuses to serve the UTMB;
Appellees; Et C; with summons; pursuant to Ver’s. Tex. C. Ann.; Civ. St.
Article 4498


; and article 4510


; B.A.; registration of physicians of
physicians in County District Court; State of Texas_____
6).Argument is based on the 122nd Judicial District Court of
Galveston, County Texas, officials clearly refusing to serve registered
UTMB; John Sealy; physicians; appellans; Et Al.; with the summon of
State of Texas tort claim lawsuit filed against them for medical
malpractice; maltreatment_____
ConclusionRequest that the 122nd Judicial district court Galveston; County
Texas; Honorable Latonia D. Wilson; and subordinates clerks; Et. Al;
service 1appellens; Et. Al; UTMB; Physicians; with summons; And
request $500,000[00] in physical damages For lost limb of the right
eyeball____
          We construe Cunningham’s brief to raise two issues: (1) the two-year statute of
limitations was tolled by his disabilities and (2) the district court and district clerk
refused to issue citation to individuals named in Cunningham’s petition. Cunningham
cites neither to facts nor law that supports either issue.
          First, the applicable statute of limitations provides, “Except as herein provided,
this subchapter applies to all persons regardless of minority or other legal disability.”
Former Revised Statutes article 4510i, section 10.01, supra note 1. Cunningham cites
no authority for the proposition that his claimed disabilities or incarceration tolled the
running of the statute.
          Second, there is no factual basis for Cunningham’s claim that the district clerk
and clerk have refused to issue citation. The clerk’s record contains correspondence
from the district clerk to Cunningham, stating, “If you want our office to issue a
citation to the defendant to inform him of this case, you need to provide our office
with the defendant [sic] address.”
          The district clerk issued citation for James E. Pepperl with an address at UTMB,
which the sheriff returned with the notation that Pepperl had moved to Rochester,
Minnesota. When this information was forwarded to Cunningham, he responded to
the district clerk as follows: “Is no such listing in the American Country Dictionary,
There is a Rochester N.Y. Population 231,636, but there is no Rochester, Minn. Listed
in the dictionary.”



          On appeal, Cunningham argues that the district court and clerk had an
obligation to serve citation based on the physician-registration information on file with
the district clerk pursuant to former Revised Statutes article 4498. See supra note 24. 
That statute was repealed in 1981. Id. Even if the statute had not been repealed,
nothing in former Revised Statutes article 4498 imposed a duty on a trial-court clerk
to locate an individual being sued.
          We overrule both of Cunningham’s issues.
          We affirm the judgment of dismissal.
 
 
 
                                                             Jim Sharp
                                                             Justice
 
Panel consists of Justices Taft, Bland, and Sharp.