# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2011

No. 10-20298
Summary Calendar

Lyle W. Cayce
Clerk

RLI INSURANCE COMPANY,

Plaintiff-Appellee

v.

SYLVIA GONZALEZ; ALMA ALICIA GONZALEZ, Individually and as
Representative of the Estate of Hector Gonzalez and as Next Friend of
I R G G, a Minor; HECTOR GONZALEZ, JR.,

Defendants-Appellants

Appeal from the United States District Court for the
Southern District of Texas
No. 04:09-CV-03862

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellants, family members of a deceased sandblaster, appeal the district court's grant of summary judgment declaring that RLI Insurance Company (RLI) does not have a duty to indemnify Appellants' gross negligence claim. We **AFFIRM**.

## FACTS AND PROCEEDINGS

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20298

Hector Gonzalez, now deceased, was previously employed by ICO, Inc. (ICO) at its Odessa, Texas facility.  In 2002, Gonzalez and his family were involved in litigation in state court against ICO relating to Gonzalez's injuries from silica[1] exposure ("the Ector County Suit").  The parties reached a settlement agreement to the Ector County Suit, and the state court entered an agreed judgment.

In 2008, Gonzalez died.  Appellants, Gonzalez's surviving spouse and children, subsequently filed suit against ICO in state court, alleging gross negligence for Gonzalez's death (the "Underlying Lawsuit").  The Underlying Lawsuit alleges that "Hector Gonzalez was exposed to dangerous levels of silica dust" through sandblasting while employed by ICO from 1983 to 1988.  It is further alleged that Gonzalez's death "was caused by respiratory failure caused by silicosis," a respiratory disease caused by prolonged inhalation of silica dust. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2118.

RLI had issued several insurance policies to ICO, including an umbrella liability policy ("Umbrella Policy"). After receiving the Underlying Lawsuit, ICO forwarded a copy of the suit to RLI and requested that it defend the lawsuit on ICO's behalf under the Umbrella Policy.  RLI filed a suit for declaratory judgment in federal court, asserting that it did not have a duty to defend and or indemnify ICO against the claims in the Underlying Lawsuit.  It later filed a motion for summary judgment. The district court granted RLI's motion, holding that RLI "did not owe either a defense or indemnity under" the Umbrella Policy for the claims in the Underlying Lawsuit.  Appellants timely appealed.

**STANDARD OF REVIEW AND APPLICABLE LAW**

---

[1]Silica is the second most common mineral in the earth's crust and the main chemical compound in sand and quartz.  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2117 (2002).

No. 10-20298

"This court reviews the district court's grant of summary judgment and its interpretation of an insurance contract *de novo*." *Certain Underwriters at Lloyd's London v. C.A. Turner Const. Co.*, 112 F.3d 184, 186 (5th Cir. 1997) (citation omitted). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a).

> Under Texas rules of contractual interpretation, if an insurance contract is expressed in unambiguous language, its terms will be given their plain meaning and it will be enforced as written. If, however, a contract is susceptible to more than one reasonable interpretation, a court will resolve any ambiguity in favor of coverage.

*Certain Underwriters at Lloyd's London*, 112 F.3d at 186.

## DISCUSSION

The Umbrella Policy contained several endorsements, including a "Pollution Exclusion Absolute" ("Pollution Exclusion"). The Pollution Exclusion stated that the Umbrella Policy did not cover bodily or personal injury arising as a result of the "contamination of the environment by pollutants that are introduced at any time, anywhere, in any way." It defined "pollutants" as "smoke, vapors, soot, fumes, acids, sounds, alkalis, chemicals, liquids, solids, gases, waste, . . . and all other irritants and contaminants."

RLI argues that this court should affirm the district court because (1) Gonzalez contractually released ICO from the claims in the Underlying Lawsuit[2] and (2) the state court's judgment in the Ector County Lawsuit disposed of any

---

[2]Appellants argue that Gonzalez's contact is inapplicable because the Underlying Lawsuit raises an independent claim under the Texas Worker's Compensation Act (TWCA) instead of a derivative claim under the Wrongful Death Act. The Texas Courts of Appeal are divided on whether the TWCA provides an independent cause of action for wrongful death. *Compare Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 213-17 (Tex. App.—Houston 2009) (no independent claim) *with Zacharie v. U.S. Nat. Res., Inc.*, 94 S.W.3d 748, 756-57 (Tex. App.—San Antonio 2002) (independent claim).

No. 10-20298

claims in the Underlying Lawsuit between Appellants and ICO.[3] We need not address these issues because, as discussed below, Appellants' claim is barred by the Pollution Exclusion.

Appellants argue that the Pollution Exclusion does not apply to the injuries alleged in the Underlying Lawsuit, namely death resulting from silica dust exposure. We disagree. The Pollution Exclusion on its face excludes injuries arising from exposure to "*all* . . . irritants and contaminants." The Occupational Safety and Health Administration has classified silica dust as an air contaminant. 29 C.F.R. § 1910.1000. Inhaling silica dust can result in silicosis, a type of pneumoconiosis. Pneumoconiosis is "a disease of the lungs caused by the habitual inhalation of irritant material." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1746, 2118. In addition, several district courts have applied substantially similar pollution exclusions to silica-related claims and have concluded that they are pollutants. *See, e.g.*, *Mt. Hawley Ins. Co v. Write Materials, Inc.*, 2005 WL 2805565, at *4 (N.D. Tex. Oct. 27, 2005); *Clarendon Am. Ins. Co. v. Bay, Inc.*, 10 F. Supp. 2d 736, 744 (S.D. Tex. 1998). Silica dust is unambiguously a "pollutant" under the language of the Pollution Exclusion.

Appellants nonetheless argue that the Pollution Exclusion is ambiguous when considered in conjunction with the rest of the Umbrella Policy. Their arguments are unconvincing. They first argue that the Pollution Exclusion is patently ambiguous because it is too broad and a reasonable person would not know what was excluded. But Texas courts only look to the reasonable expectations of a party if there is an ambiguity; "neither conflicting expectations

---

[3]The judgment stated that the parties had settled and requested entry of a judgment, which "finally dispose[d] of all the parties' present and future rights and obligations by, to, and between each other." Appellants argue that, as part of the settlement, Alma Gonzalez expressly reserved her right to sue ICO for any claims covered by the Umbrella Policy. Alma Gonzalez's express reservation conflicts with the judgment's disposition of her right to sue ICO, and it is possible that the judgment's disposition of all claims was a scrivener's error.

No. 10-20298

nor disputation is sufficient to *create* an ambiguity." *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994). The language in the Pollution Exclusion unambiguously applies to claims arising from "contamination of any environment by pollutants that are introduced at anytime, anywhere, in any way."

Next, appellants argue that a separate Asbestos Exclusion in the Umbrella Policy creates an inference that silica dust claims are not included by general Pollution Exclusion. But "superfluous exceptions are commonplace" in insurance contracts and "have the effect merely of mak[ing] assurance doubly sure." *Williamson v. J.C. Penny Ins. Co.*, 226 F.3d 408, 411 (5th Cir. 2000) (quotation omitted)(alteration in original). Even if the Pollution Exclusion covers the same claims as the Asbestos Exclusion, this does not raise an inference that the Pollution Exclusion does not cover silica dust claims. The existence of a separate exclusion for asbestos does not create ambiguity in the Pollution Exclusion.

Appellants finally argue that the Umbrella Policy as a whole is ambiguous because there is a conflict between the Pollution Exclusion Endorsement and the original Umbrella Policy. In Texas, "[e]ndorsements to a policy generally supersede and control over conflicting printed terms within the main policy." *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 115 (Tex. 2010) (citation omitted). Because the terms of the Pollution Exclusion supercede any conflicting language in the original Umbrella Policy, the Pollution Exclusion unambiguously controls what is covered by the policy.[4]

---

[4]Appellants also attempt to apply *Mesa Operating Co. v. California Union Insurance Co.*, 986 S.W.2d 749 (Tex. App.—Dallas 1999), to create an ambiguity in the Umbrella Policy. *Mesa Operating* is easily distinguishable. *Mesa Operating* involved a "following form" umbrella policy that explicitly adopted the coverage of the underlying insurance, whereas the Umbrella Policy contains no "following form" provision. *Id.* at 753. Even if the Umbrella Policy were a "following form" policy, the Pollution Exclusion would supercede the adopted coverage to the extent that the original Umbrella Policy conflicted with the endorsement. *Mid-Continent Cas. Co.,* 614 S.W. 3d at 115.

No. 10-20298

Silica dust is unambiguously a "pollutant" under the Pollution Exclusion. Because the Underlying Lawsuit only alleges injuries arising out of the contamination of air from silica dust, RLI does not have a duty to indemnify ICO for the claims in the Underlying Lawsuit as a matter of law. The district court correctly granted summary judgment to RLI.

## CONCLUSION

For the reasons described above, the district court's judgment is **AFFIRMED**.