

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RUSH TRUCK CENTERS OF TEXAS, L.P. | § | |
| d/b/a RUSH ENTERPRISES, INC., a/k/a | | No. 08-22-00226-CV |
| RUSH TRUCK CENTER-EL PASO, | § | |
| | | Appeal from the |
| Appellant, | § | |
| | | 448th Judicial District Court |
| v. | § | |
| | | of El Paso County, Texas |
| ROSARIO Y. MENDOZA, Individually and | § | |
| on Behalf of the Estate of MARCO A. | | (TC# 2022DCV0350) |
| HOYOS MARTINEZ, | § | |
| | | |
| Appellee. | § | |

**DISSENTING OPINION**

Based on the protection afforded by the Texas Constitution, by laws of the State of Texas, and by controlling precedent of the Supreme Court of Texas, I would conclude that Appellees' gross negligence claim is expressly excluded, as a matter of law, from the scope of the arbitration agreement. *See* TEX. CONST. art. XVI, § 26; *see also* TEX. LAB. CODE ANN. §§ 408.001(b), 408.181, 408.186; *Mo-Vac. Serv. Co.*, *Inc. v. Escobedo*, 603 S.W.3d 119, 135 (Tex. 2020)

(Guzman, J., concurring).[1] Moreover, such exclusion applies regardless of whether or not the agreement is enforceable. Additionally, I would further conclude that the arbitration agreement itself provides that claims for workers' compensation benefits and other claims that are "not subject to arbitration under current law," shall be excluded from binding arbitration. In my view, this clause applies to Appellees' claim for gross negligence seeking to recover exemplary damages for the employer's conduct that proximately caused a work-related death. *See Zacharie v. U.S. Nat. Res., Inc.*, 94 S.W.3d 748, 758 (Tex. App.—San Antonio 2002, no pet.) (recognizing deceased worker's children's claim was brought under Article XVI, § 26 of the Texas Constitution and the Worker's Compensation Act).

Because a lawful basis exists to deny the motion to compel arbitration, I would affirm the trial court's ruling in its entirety. Because the majority concludes otherwise, I respectfully dissent.


GINA M. PALAFOX, Justice

September 1, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

---

[1] In *Mo-Vac*, Justice Guzman's concurring opinion compared the permitted claims brought under the Wrongful Death Act with those brought under the Worker's Compensation Act. *See Mo-Vac*, 603 S.W.3d at 135 n.22 (comparing TEX. CIV. PRAC. & REM. CODE § 71.004 (parents of the deceased may bring a wrongful-death action), with TEX. LAB. CODE ANN. § 408.001(b) (only the decedent's surviving spouse and heirs may recover exemplary damages)). Describing the more limited scope of the Workers' Compensation Act, Justice Guzman stated: "The Workers' Compensation Act similarly permits recovery of exemplary damages when death is 'caused by an intentional act or omission of the employer or by the employer's gross negligence,' but unlike the wrongful-death statute, only 'the surviving spouse or heirs of the [decedent's] body' may invoke the exemplary-damages exception to the exclusive-remedy provision." *Id.* (quoting TEX. LAB. CODE ANN. § 408.001(b)).