**Howard BUTLER, Jr., Appellant,**

**v.**

**James E. ROSS, Appellee.**

**No. 01–91–00210–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1992.

Howard Butler, Jr., pro se.

Harold D. Dampler, Gerald J. Goodwin, Houston, for appellee.

Before SAM BASS, DUGGAN and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a bench trial judgment awarding appellee, James E. Ross,[1] damages incurred in an automobile collision with appellant, Howard Butler, Jr.

In a single point of error, appellant asserts that the trial court erred in failing to find that appellee's action was time barred because of failure to exercise due diligence

in effecting service of process upon appellant. We agree, and conclude that the evidence establishes lack of diligence in obtaining service of citation as a matter of law. We reverse and render.

The suit arose out of an automobile collision between vehicles driven by appellant and Ross on December 14, 1985. On December 9, 1987, some five days before the two-year statute of limitations would have barred the action, appellee filed suit. On December 10, 1987, the original citation was issued to be served on appellant at 3000 South Post Oak Boulevard, Suite 1640, Houston, Texas. The original citation was returned unserved on February 1, 1988. Two deputy constable's returns on the citation showed that unsuccessful attempts to serve appellant at the listed address were made on December 17, 1987, January 5, 1988, January 6, 1988, January 8, 1988, and January 12, 1988. Deputy Constable Marilyn Hummel wrote on the return as "cause of failure to execute this process," the apparent suggestion of a better address: "Serve at 6001 Reims—def. never in office." Deputy Constable Steve Dorman wrote on the return: "Vacated 11/1/87."

On July 14, 1988, some five months and two weeks after return of the unserved original citation, appellee filed a motion for substitute service on appellant under TEX. R.CIV.P. 106, requesting that the service of citation be allowed by the officer leaving a copy of the citation and petition at the original South Post Oak Boulevard address. The motion was granted the same day. On August 3, 1988, appellee mailed the unserved citation back to the clerk and requested new substituted service citation on appellant at "a new address we have for [appellant]: P.O. Box 571912, Houston, Texas 77057–1912." The constable served the alias citation on appellant by mail on August 15, 1988, as shown by the return receipt signed that day by appellant.

Appellant answered and specially excepted that appellee's cause of action was

---

1. According to appellee, Ross is a nominal party, the real party in interest being his subrogated insurer.

barred by the two-year statute of limitations. Appellant also pled as an affirmative defense that the suit was barred because appellee failed to exercise due diligence in effecting service on him. After trial and entry of judgment for the plaintiff/appellee, the trial court made (1) the finding of fact that there were no unexplained delays between the date appellee filed the lawsuit and the date appellant was served, and (2) the conclusion of law that appellee used due diligence in serving appellant.

■ Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). Findings of fact are not conclusive, however, when a complete statement of facts appears in the record, as is the situation here. *Middleton v. Kawasaki Steel Co.*, 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curiam*, 699 S.W.2d 199 (Tex.1985); *Stephenson v. Perlitz*, 537 S.W.2d 287, 289 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.).

■ Findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. *First Nat'l Bank v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). Review is by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a jury question. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In determining whether there is legally sufficient evidence to support the findings, we give credence only to the evidence and inferences favorable to the finding and disregard all evidence to the contrary. *Brown v. Frontier Theaters, Inc.*, 369 S.W.2d 299, 301 (Tex.1963); *IFG Leasing Co. v. Ellis*, 748 S.W.2d 564, 566 (Tex.App.—Houston [14th Dist.] 1988, no writ). If there is evidence of probative force to support the finding, we must uphold it. *Ray v. Farmers State Bank*, 576 S.W.2d 607, 609 (Tex.1979). Although a trial court's conclusions of law may not be challenged for factual insufficiency, those conclusions of law drawn from the facts may be reviewed to determine their correctness. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ The mere filing of a suit will not interrupt or toll the statute of limitations; a plaintiff must exercise reasonable diligence in procuring the issuance and service of citation in order to interrupt the statute. *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970); *Hamilton v. Goodson*, 578 S.W.2d 448, 449 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

■ Appellant properly pled the affirmative defense of the statute of limitations, Tex.R.Civ.P. 94, and met his initial burden of showing when appellee's cause of action accrued, as he was required to do to show that the statute of limitations was applicable as a bar to appellee's claim. *Liles v. Phillips*, 677 S.W.2d 802, 808–809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). When a defendant affirmatively pleads the defense of limitations, and the record shows the failure to timely serve the defendant, the burden is then upon the plaintiff to explain the delay. *Liles*, 677 S.W.2d at 809; *Williams v. Houston–Citizens Bank and Trust Co.*, 531 S.W.2d 434, 436 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). Because appellee failed to serve citation upon appellant within the period of limitations, he had the burden to prove that he used due diligence in procuring the subsequent issuance and service of citation upon appellant. *Rigo*, 458 S.W.2d at 182.

■ An unexplained delay in effecting service constitutes a lack of due diligence. *Liles*, 677 S.W.2d at 802; *Hamilton*, 578 S.W.2d at 448; *Williams*, 531 S.W.2d at 434. The issue before us therefore is: Does the record show any evidence that appellee used diligence in procuring the subsequent issuance and service of citation upon appellant? *Rigo*, 458 S.W.2d at 182; *Liles v. Phillips*, 677 S.W.2d at 809.

■ Appellee's efforts to serve the original citation, before its return unexecuted

on February 1, 1988, does not show any fact pertaining to diligence *after* that date. The record shows no activity by appellee thereafter between February 1, 1988 and July 14, 1988.

On July 14, 1988, appellee filed and the trial court granted, a motion seeking rule 106 substitute service on appellant by leaving a copy of the citation and petition at "defendant's usual place of residence," the South Post Oak Boulevard address shown in the original citation. Neither appellee's motion nor Deputy Hummel's affidavit attached to it made reference to (1) Deputy Hummel's earlier return on the unexecuted original citation suggesting a Reims Street address for appellant, or (2) Deputy Dorman's return on the original citation stating that the South Post Oak Boulevard address was "[v]acated 11/1/87." To the contrary, Deputy Hummel's affidavit made the bare recitation that she had been "unable to serve" the defendant at the South Post Oak Boulevard address on January 12, 1988 and prior occasions. Neither appellee's motion nor the attached affidavit recites what efforts were made, or what information was obtained, to lead to appellee's belief that the South Post Oak Boulevard address was still appellant's "usual place of residence".

The record indicates that appellee's attorneys returned this alias citation unserved to the county clerk on August 3, 1988. By the same transmittal letter, appellee's attorneys requested a new substituted service of citation, this time by certified mail on appellant at "the new address we have for [appellant]: P.O. Box 571912, Houston, Texas 77057–1912." Nothing in the record indicates how or when appellee obtained the new address, what investigative effort or resource was used to learn it, or that the address was not available through diligence earlier. The constable received this citation on August 8, 1988, and made his return showing service on appellant on August 15, 1988 by "registered certified mail with delivery restricted to addressee only." Appellant answered following this service.

The record thus indicates a period of post-limitation non-diligence: no activity or effort at service on appellant between February 1, 1988 and July 14, 1988. Neither did appellee show diligence on July 14, 1988 by obtaining issuance of substituted service on appellant by certified mail at the original South Post Oak Boulevard address, particularly in light of one constable's return on the original citation reporting this to be a vacated address since November 1987, and the other constable's return on the same citation suggesting a Reims Street address for appellant. No motion or affidavit explained to the court why this address, which was questionable or bad when the deputies returned the original citation, was now good. It was not good, in fact, as shown by its unexecuted return by appellee to the clerk on August 3, 1988.

▮ The reasonableness of a plaintiff's delay in serving citation is usually a question of fact. *Liles*, 677 S.W.2d at 809. However, if no explanation consistent with due diligence is offered, the reasonableness of a plaintiff's delay cannot be factually determined. *Id.* This Court has previously held that an unexplained delay for a period of six and one-half months is, as a matter of law, not due diligence in procuring the issuance and service of citation. *Hamilton*, 578 S.W.2d at 449.

Other Texas courts have consistently found a lack of due diligence as a matter of law based on unexplained lapses for periods similar to that in our situation. *See, e.g., Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex.App.—Corpus Christi 1991, no writ) (five months between expiration of statute of limitations and service); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857, 860 (Tex. Civ.App.—San Antonio 1976, writ ref'd, n.r.e.) (six months between filing and service).

We hold that the record establishes as a matter of law appellee's lack of diligence in obtaining service of citation upon appellant. Appellant's point of error is sustained.

The judgment is reversed and judgment is here rendered that plaintiff/appellee take nothing against defendant/appellant.