# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00216-CV

**Aubrey Berry, Appellant**

**v.**

**Nicholas Eugene Pampell and Herbert Pampell, Appellees**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. C-1-CV-05-287454, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Aubrey Berry appeals a summary judgment in favor of appellees Nicholas Eugene Pampell and Herbert Pampell based on the affirmative defense of limitations. The trial court granted appellees' motions that Berry's claims were time barred and dismissed Berry's claims with prejudice. Although Berry timely filed suit, she did not serve either appellee until after the applicable time period had expired. Because we conclude that Berry did not exercise due diligence in effecting service as a matter of law, we affirm the trial court judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Berry filed a personal injury lawsuit on July 20, 2005, for damages allegedly arising from an automobile accident between Berry and Nicholas Pampell that occurred on July 20, 2003. Berry alleged that Nicholas Pampell, who was driving a vehicle owned by Herbert Pampell, was negligent. The Travis County Clerk issued citations for Nicholas Pampell and Herbert Pampell on

July 27, 2005. Herbert Pampell was served with citation on January 11, 2006, and Nicholas Pampell was served on March 13, 2006. Both appellees answered, asserting general denials and the affirmative defense that Berry's claims were time barred by the applicable statute of limitations.

Herbert Pampell and Nicholas Pampell thereafter moved for summary judgments based on Berry's failure to file suit within the limitations period and because Berry lacked diligence in securing service after the limitations period expired. Berry responded to their motions by providing declarations from agents of a private process server and affidavits from Berry's counsel. The agent that attempted to personally serve Herbert Pampell declared that she received the citation on August 5, 2005, attempted to serve him on August 16, 2005, but was unsuccessful, stating "this is an apartment complex, needs apartment number." Berry's counsel averred to his efforts in serving the citation. He stated that, in addition to hiring the private process server, Professional Civil Process ("PCP"), he personally checked for different addresses for Herbert Pampell during the delay in service:

> In addition to the searches I authorized PCP to perform, I personally checked for the Defendant's address on Web Detective and Autotrack XP, which is a private investigative web software company my firm subscribes to. I was unable to locate a different address [for] the Defendant through my periodic checks until shortly before Defendant Herbert Pampell was served with process. Defendant Herbert Pampell was served through PCP on January 11, 2006.

Berry's evidence was similar concerning service on Nicholas Pampell. The agent assigned to serve Nicholas Pampell declared that he received the citation on August 5, 2005, attempted personal service on August 16, 2005, but was unsuccessful because the address was an apartment complex and he did not have an apartment number. The agent next attempted service on

2

January 11, 2006, stating the address was correct but that Nicholas Pampell was only there on the weekends—"The subject does reside at this address but is not at home at this time. Left delivery notice with Herbert. The subject is home on weekends." The agent attempted service on three other occasions from February 11 to March 13, 2006. On March 13, the agent, by arranging to meet with Nicholas Pampell by phone, was able to serve the citation. Nicholas Pampell provided his phone number to the agent's "call center" on March 1 and again on March 13.

Berry's counsel averred to his efforts in effecting service on Nicholas Pampell. He stated that in addition to hiring PCP, he personally checked for Nicholas Pampell's address during the delay in service:

> During August 16, 2005 and January 11, 2006, in addition to the searches I authorized PCP to perform, I personally checked for the Defendant's address on Web Detective and Autotrack XP, which is a private investigative web software company my firm subscribes to. Through these additional searches, I ultimately located an updated address in Giddings, Texas, on or about January 11, 2006. After two attempts to serve Defendant in Giddings, Texas failed, PCP attempted service at 3415 Haven Brook Drive #2407, an updated address in Humble, Texas. After three additional attempts to serve Defendant, PCP completed service upon the Defendant on March 13, 2006.

After a hearing on appellees' motions for summary judgment, the trial court granted the motions, dismissing Berry's claims with prejudice. Berry's appeal followed.

**ANALYSIS**

In one point of error, Berry contends that the trial court erred in granting summary judgment for appellees because Berry filed her suit within the applicable statutory limitations period and exercised due diligence in effecting service. When service is after the limitations period

3

has expired, as it was in this case, "bringing suit" within the applicable limitations period requires both filing a petition within the applicable time period and exercising due diligence in serving the defendant with citation. *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). When a plaintiff uses due diligence in obtaining service on the defendant, the date of service relates back to the date the plaintiff filed suit and the plaintiff's suit is timely. *Id*. Appellees acknowledge that Berry filed suit within the applicable limitations period pursuant to the mailbox rule. *See* Tex. R. Civ. P. 5. Berry mailed her petition on July 20, 2005, the last day within the applicable two-year limitations period. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2007). The dispute then is whether Berry lacked due diligence in effecting service after the limitations period expired. Appellees contend that Berry did not exercise due diligence in serving either appellee as a matter of law.

Under summary judgment standards, the movant must show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Evidence favorable to the nonmovant will be taken as true, and all reasonable inferences and any doubts are resolved in favor of the nonmovant. *Nixon*, 690 S.W.2d at 549. In the context of a defendant's summary judgment on the diligent-service question, when a defendant affirmatively pleads a limitations defense and shows service was effected after the limitations period expired, a plaintiff bears the burden "to explain the delay" in service. *See Proulx*, 235 S.W.3d at 216 (quoting *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)). Because appellees plead limitations

4

and showed service after the limitations period expired, the burden was on Berry to explain the delay in service to avoid summary judgment. *See id.*

The supreme court in *Proulx* explained the plaintiff's burden and the relevant inquiry:

> [I]t is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay. . . . the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable. . . . But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. . . . In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinary prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.

*Id*. (citations omitted). The inquiry focuses on the length of time and the type of efforts a plaintiff undertook to obtain service. *Id*.; *see also Carter v. MacFadyen*, 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (due diligence determined by "looking at the time taken and the effort expended in procuring service"). When a plaintiff offers an explanation for the delay in service, a lack of diligence can be found as a matter of law if the "explanation affirmatively establishes a lack of diligence." *Zacharie v. U.S. Nat'l Res., Inc.*, 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, no pet.).

In this case, Berry provided an explanation for the delay in service, but we conclude that Berry's explanation "affirmatively establishes a lack of diligence" as a matter of law. *See id.* Reviewing the relevant factors, the length of delay was significant—nearly six months for Herbert Pampell and eight months for Nicholas Pampell. *See id.* ("Texas courts have consistently held that unexplained delays of five and six months in requesting issuance and service of citation constitute

5

a lack of due diligence as a matter of law."). Berry's efforts also demonstrate a lack of diligence. During the delay, Berry attempted service once in August 2005 on both of the appellees. The address for both appellees was correct except for missing an apartment number, and Berry does not explain why she did not pursue efforts to obtain apartment numbers for either appellee at that time. *See Carter*, 93 S.W.3d at 314-15 ("A flurry of ineffective activity does not constitute due diligence if easily available and more effective alternatives are ignored."). No further attempts at service were made until five months later, in January 2006. From August to January, Berry's counsel states that he conducted searches through the internet, but he does not provide specifics, such as the results, number, or type of searches, except to say that he periodically conducted searches, and he provides no explanation why additional attempts at service were not made until January.

Berry's efforts in this case are distinguishable from the plaintiff's efforts in *Proulx* that were found sufficient to create a fact issue on the diligent-service issue. *See Proulx*, 235 S.W.3d at 217. The plaintiff in *Proulx* presented evidence that during the nine-month delay that it took to serve the defendant, thirty service attempts were made at five different addresses, the plaintiff hired two process servers and two investigators, and the defendant was "moving from relative to relative and doing his best to avoid service from the courts and creditors." *Id*. The plaintiff's evidence showed continuous investigation, repeated service attempts, and the defendant's deliberate attempts to avoid service. *Id*. In contrast, Berry does not contend that appellees were attempting to avoid service and fails to demonstrate continuous investigation and service attempts.

6

We conclude that Berry's efforts are more analogous to plaintiffs' efforts that have been found to lack diligence as a matter of law.[1] *See Zacharie*, 94 S.W.3d at 754-55 (lapse of time of five-and-a-half months plus counsel's inaction showed lack of due diligence as a matter of law); *Carter*, 93 S.W.3d at 313-15 (eight-month delay with unexplained gaps showed lack of diligence); *Webster v. Thomas*, 5 S.W.3d 287, 289-91 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (four-month-and-ten-day delay demonstrated lack of diligence when steps taken "were not designed to procure the issuance of citation and service"); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (inactivity for five-and-a-half months and no service efforts between failed attempt at wrong address and proper service at correct address constituted lack of diligence); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ) (request of service five months after suit filed affirmatively demonstrated lack of diligence). We overrule Berry's point of error.

## CONCLUSION

Because we conclude that Berry did not exercise due diligence in effecting service on either Herbert Pampell or Nicholas Pampell as a matter of law, we affirm the trial court's judgment.

---

[1] The supreme court in *Proulx* also distinguished its facts from cases in which courts have found lack of diligence as a matter of law in effecting service, finding "no comparable periods of unexplained inaction." *Proulx v. Wells*, 235 S.W.3d 213, 217 (Tex. 2007) (distinguishing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ); and *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ)).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   February 13, 2008