TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00216-CV






Aubrey Berry, Appellant


v.


Nicholas Eugene Pampell and Herbert Pampell, Appellees






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. C-1-CV-05-287454, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N



 Appellant Aubrey Berry appeals a summary judgment in favor of appellees Nicholas
Eugene Pampell and Herbert Pampell based on the affirmative defense of limitations. The trial court
granted appellees' motions that Berry's claims were time barred and dismissed Berry's claims with
prejudice. Although Berry timely filed suit, she did not serve either appellee until after the
applicable time period had expired. Because we conclude that Berry did not exercise due diligence
in effecting service as a matter of law, we affirm the trial court judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 Berry filed a personal injury lawsuit on July 20, 2005, for damages allegedly arising
from an automobile accident between Berry and Nicholas Pampell that occurred on July 20, 2003. 
Berry alleged that Nicholas Pampell, who was driving a vehicle owned by Herbert Pampell, was
negligent. The Travis County Clerk issued citations for Nicholas Pampell and Herbert Pampell on
July 27, 2005. Herbert Pampell was served with citation on January 11, 2006, and Nicholas Pampell
was served on March 13, 2006. Both appellees answered, asserting general denials and the
affirmative defense that Berry's claims were time barred by the applicable statute of limitations.

 Herbert Pampell and Nicholas Pampell thereafter moved for summary judgments
based on Berry's failure to file suit within the limitations period and because Berry lacked diligence
in securing service after the limitations period expired. Berry responded to their motions by
providing declarations from agents of a private process server and affidavits from Berry's counsel. 
The agent that attempted to personally serve Herbert Pampell declared that she received the citation
on August 5, 2005, attempted to serve him on August 16, 2005, but was unsuccessful, stating "this
is an apartment complex, needs apartment number." Berry's counsel averred to his efforts in serving
the citation. He stated that, in addition to hiring the private process server, Professional Civil
Process ("PCP"), he personally checked for different addresses for Herbert Pampell during the delay
in service:


 In addition to the searches I authorized PCP to perform, I personally checked
for the Defendant's address on Web Detective and Autotrack XP, which is a private
investigative web software company my firm subscribes to. I was unable to locate
a different address [for] the Defendant through my periodic checks until shortly
before Defendant Herbert Pampell was served with process. Defendant Herbert
Pampell was served through PCP on January 11, 2006. 



 Berry's evidence was similar concerning service on Nicholas Pampell. The agent
assigned to serve Nicholas Pampell declared that he received the citation on August 5, 2005,
attempted personal service on August 16, 2005, but was unsuccessful because the address was an
apartment complex and he did not have an apartment number. The agent next attempted service on
January 11, 2006, stating the address was correct but that Nicholas Pampell was only there on the
weekends--"The subject does reside at this address but is not at home at this time. Left delivery
notice with Herbert. The subject is home on weekends." The agent attempted service on three other
occasions from February 11 to March 13, 2006. On March 13, the agent, by arranging to meet with
Nicholas Pampell by phone, was able to serve the citation. Nicholas Pampell provided his phone
number to the agent's "call center" on March 1 and again on March 13.

 Berry's counsel averred to his efforts in effecting service on Nicholas Pampell. He
stated that in addition to hiring PCP, he personally checked for Nicholas Pampell's address during
the delay in service:


 During August 16, 2005 and January 11, 2006, in addition to the searches I
authorized PCP to perform, I personally checked for the Defendant's address on Web
Detective and Autotrack XP, which is a private investigative web software company
my firm subscribes to. Through these additional searches, I ultimately located an
updated address in Giddings, Texas, on or about January 11, 2006. After two
attempts to serve Defendant in Giddings, Texas failed, PCP attempted service at
3415 Haven Brook Drive #2407, an updated address in Humble, Texas. After three
additional attempts to serve Defendant, PCP completed service upon the Defendant
on March 13, 2006.



 After a hearing on appellees' motions for summary judgment, the trial court granted
the motions, dismissing Berry's claims with prejudice. Berry's appeal followed.


ANALYSIS

 In one point of error, Berry contends that the trial court erred in granting summary
judgment for appellees because Berry filed her suit within the applicable statutory limitations period
and exercised due diligence in effecting service. When service is after the limitations period
has expired, as it was in this case, "bringing suit" within the applicable limitations period requires
both filing a petition within the applicable time period and exercising due diligence in serving
the defendant with citation. See Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007). When a plaintiff
uses due diligence in obtaining service on the defendant, the date of service relates back to
the date the plaintiff filed suit and the plaintiff's suit is timely. Id. Appellees acknowledge that
Berry filed suit within the applicable limitations period pursuant to the mailbox rule. See Tex. R.
Civ. P. 5. Berry mailed her petition on July 20, 2005, the last day within the applicable two-year
limitations period. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2007). The
dispute then is whether Berry lacked due diligence in effecting service after the limitations period
expired. Appellees contend that Berry did not exercise due diligence in serving either appellee as
a matter of law.

 Under summary judgment standards, the movant must show that there are no genuine
issues of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ.
P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). Evidence favorable
to the nonmovant will be taken as true, and all reasonable inferences and any doubts are resolved in
favor of the nonmovant. Nixon, 690 S.W.2d at 549. In the context of a defendant's summary
judgment on the diligent-service question, when a defendant affirmatively pleads a limitations
defense and shows service was effected after the limitations period expired, a plaintiff bears
the burden "to explain the delay" in service. See Proulx, 235 S.W.3d at 216 (quoting Murray
v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990)). Because appellees plead limitations
and showed service after the limitations period expired, the burden was on Berry to explain the delay
in service to avoid summary judgment. See id.

 The supreme court in Proulx explained the plaintiff's burden and the relevant inquiry:


 [I]t is the plaintiff's burden to present evidence regarding the efforts that were made
to serve the defendant, and to explain every lapse in effort or period of delay. . . . the
plaintiff's explanation of its service efforts may demonstrate a lack of due diligence
as a matter of law, as when one or more lapses between service efforts are
unexplained or patently unreasonable. . . . But if the plaintiff's explanation for the
delay raises a material fact issue concerning the diligence of service efforts, the
burden shifts back to the defendant to conclusively show why, as a matter of law, the
explanation is insufficient. . . .  In assessing diligence, the relevant inquiry is whether
the plaintiff acted as an ordinary prudent person would have acted under the same or
similar circumstances and was diligent up until the time the defendant was served.



Id. (citations omitted). The inquiry focuses on the length of time and the type of efforts a
plaintiff undertook to obtain service. Id.; see also Carter v. MacFadyen, 93 S.W.3d 307, 313
(Tex. App.--Houston [14th Dist.] 2002, pet. denied) (due diligence determined by "looking at the
time taken and the effort expended in procuring service"). When a plaintiff offers an explanation
for the delay in service, a lack of diligence can be found as a matter of law if the "explanation
affirmatively establishes a lack of diligence." Zacharie v. U.S. Nat'l Res., Inc., 94 S.W.3d 748, 754
(Tex. App.--San Antonio 2002, no pet.).

 In this case, Berry provided an explanation for the delay in service, but we conclude
that Berry's explanation "affirmatively establishes a lack of diligence" as a matter of law. See id.
Reviewing the relevant factors, the length of delay was significant--nearly six months for Herbert
Pampell and eight months for Nicholas Pampell. See id. ("Texas courts have consistently held that
unexplained delays of five and six months in requesting issuance and service of citation constitute
a lack of due diligence as a matter of law."). Berry's efforts also demonstrate a lack of diligence.
During the delay, Berry attempted service once in August 2005 on both of the appellees. The
address for both appellees was correct except for missing an apartment number, and Berry does not
explain why she did not pursue efforts to obtain apartment numbers for either appellee at that time. 
See Carter, 93 S.W.3d at 314-15 ("A flurry of ineffective activity does not constitute due diligence
if easily available and more effective alternatives are ignored."). No further attempts at service were
made until five months later, in January 2006. From August to January, Berry's counsel states that
he conducted searches through the internet, but he does not provide specifics, such as the results,
number, or type of searches, except to say that he periodically conducted searches, and he provides
no explanation why additional attempts at service were not made until January.

 Berry's efforts in this case are distinguishable from the plaintiff's efforts in Proulx
that were found sufficient to create a fact issue on the diligent-service issue. See Proulx, 235 S.W.3d
at 217. The plaintiff in Proulx presented evidence that during the nine-month delay that it took to
serve the defendant, thirty service attempts were made at five different addresses, the plaintiff hired
two process servers and two investigators, and the defendant was "moving from relative to relative
and doing his best to avoid service from the courts and creditors." Id. The plaintiff's evidence
showed continuous investigation, repeated service attempts, and the defendant's deliberate attempts
to avoid service. Id. In contrast, Berry does not contend that appellees were attempting to avoid
service and fails to demonstrate continuous investigation and service attempts.

 We conclude that Berry's efforts are more analogous to plaintiffs' efforts that have
been found to lack diligence as a matter of law. (1)
 See Zacharie, 94 S.W.3d at 754-55 (lapse of time
of five-and-a-half months plus counsel's inaction showed lack of due diligence as a matter of law);
Carter, 93 S.W.3d at 313-15 (eight-month delay with unexplained gaps showed lack of diligence);
Webster v. Thomas, 5 S.W.3d 287, 289-91 (Tex. App.--Houston [14th Dist.] 1999, no pet.) (four-month-and-ten-day delay demonstrated lack of diligence when steps taken "were not designed
to procure the issuance of citation and service"); Butler v. Ross, 836 S.W.2d 833, 836
(Tex. App.--Houston [1st Dist.] 1992, no writ) (inactivity for five-and-a-half months and no service
efforts between failed attempt at wrong address and proper service at correct address constituted lack
of diligence); Hansler v. Mainka, 807 S.W.2d 3, 5 (Tex. App.--Corpus Christi 1991, no writ)
(request of service five months after suit filed affirmatively demonstrated lack of diligence). We
overrule Berry's point of error.


CONCLUSION

 Because we conclude that Berry did not exercise due diligence in effecting service on
either Herbert Pampell or Nicholas Pampell as a matter of law, we affirm the trial court's judgment.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: February 13, 2008

1. The supreme court in Proulx also distinguished its facts from cases in which courts
have found lack of diligence as a matter of law in effecting service, finding "no comparable periods
of unexplained inaction." Proulx v. Wells, 235 S.W.3d 213, 217 (Tex. 2007) (distinguishing Gant
v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990); Webster v. Thomas, 5 S.W.3d 287, 291
(Tex. App.--Houston [14th Dist.] 1999, no pet.); Butler v. Ross, 836 S.W.2d 833, 836
(Tex. App.--Houston [1st Dist.] 1992, no writ); and Hansler v. Mainka, 807 S.W.2d 3, 5
(Tex. App.--Corpus Christi 1991, no writ)).