**Affirmed and Memorandum Opinion filed April 16, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00323-CV

---

### ALBERT AUSTIN, D/B/A J. BRIDAL, Appellant

### V.

### AMERICAN MATAR INTERNATIONAL INC., D/B/A STATEWIDE COMMERCIAL INSURANCE BROKER, Appellee

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2015-65356**

---

## M E M O R A N D U M   O P I N I O N

Appellant Albert Austin d/b/a J. Bridal ("Austin") appeals from a final summary judgment on limitations grounds in favor of appellee American Matar International Inc. d/b/a Statewide Commercial Insurance Broker ("Statewide"). Because Statewide established its limitations defense as a matter of law and Austin did not meet his burden to prove timely and diligent service or otherwise establish reversible error, we affirm.

## Background

Austin purchased a commercial general liability ("CGL") insurance policy for his bridal shop in July 2013. The insurance was provided by Mount Vernon Fire Insurance Company. Statewide was the broker/agency that represented Austin in acquiring the policy. Austin wrote to Statewide in August 2013, objecting to CGL coverage and requesting a policy with business property coverage, but he never submitted an application for business property coverage.

A fire occurred at Austin's bridal shop in November 2013. Mount Vernon denied Austin's claim on April 4, 2014. Austin sued Statewide, Mount Vernon, and others for promissory estoppel, negligence, breach of warranty, fraud, and breach of contract. All the defendants except Statewide were properly served with process and appeared.

Austin attempted to serve Statewide at its corporate office through the Commissioner of Insurance. Austin directed the commissioner to serve Statewide at 2500 **West** Colorado Blvd. in Pasadena, California, but this was an incorrect address. Statewide's correct address was 2500 **East** Colorado Blvd. The attempted service through the commissioner was returned as undeliverable, and, on July 22, 2016, the commissioner issued a certification of service stating, "Documents were returned undeliverable on March 14, 2016."

On July 15, 2016, the trial court signed a default judgment in Austin's favor against Statewide. On March 15, 2019, Statewide challenged the default judgment by bill of review, contending that the judgment was void because Statewide had never been served with process. Statewide obtained a summary judgment vacating the default judgment on July 19, 2021, which was affirmed by this court. *See Austin*

2

*v. Am. Matar Int'l, Inc.*, No. 14-21-00477-CV, 2023 WL 2034244, at *1 (Tex. App.—Houston [14th Dist.] Feb. 16, 2023, no pet.) (mem. op.).[1]

Meanwhile, Statewide filed its original answer on September 2, 2022, asserting the affirmative defense of limitations. Statewide then sought summary judgment on its limitations defense on March 29, 2023. The trial court signed a final summary judgment in Statewide's favor on April 21, 2023. Austin appeals this judgment.

## Analysis

Austin presents five issues: (1) whether the trial court abused its discretion when it granted summary judgment to a non-party (Medical Service Association); (2) whether the trial court erred in granting Statewide summary judgment on limitations grounds when discovery and a motion to compel were pending in the case; (3) whether the trial court abused its discretion in granting Statewide summary judgment when Statewide fraudulently concealed its parent entity, American Matar International Inc.; (4) whether the trial court erred in granting Statewide summary judgment when the court compelled Statewide to answer; and (5) whether the trial court erred in granting Statewide summary judgment because Austin had previously obtained a default judgment against Statewide.

### A. Summary Judgment on Limitations

Although Austin designates his first issue as a complaint about granting summary judgment on limitations grounds to a non-party, Medical Service

---

[1] In this court's February 16, 2023 opinion, we noted that Austin's April 2016 attempts to serve Statewide directly through certified mail were ineffective because, as a party, he was not authorized to effect service. *See id.* at *5 (citing Tex. R. Civ. P. 103; *Worldwide Autotainment, Inc. v. Galloway*, No. 14-17-00761-CV, 2019 WL 386056, at *3 (Tex. App.—Houston [14th Dist.] Jan. 31, 2019, no pet.) (mem. op.)).

3

Association, Inc.,[2] the substantive arguments he makes in support of this issue concern whether Statewide established as a matter of law when Austin's claims accrued. Accordingly, we construe Austin's first issue as a complaint that Statewide failed to prove its limitations defense because it did not conclusively establish the accrual date of Austin's causes of action.[3]

We review summary judgments de novo. *Tran v. Trejos*, No. 14-17-00998-CV, 2019 WL 962605, at *2-4 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019, no pet.) (mem. op.). In the traditional summary-judgment context, the movant has the burden to show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Tran*, 2019 WL 962605, at *2. A defendant seeking summary judgment based on an affirmative defense such as limitations bears the burden to conclusively establish every element of that defense, including the accrual date of the cause of action. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *see also Sharp v. Kroger*

---

[2] Medical Service Association, Inc., was never named as a defendant and is mentioned for the first and only time in the style of the judgment. The judgment does not purport to grant any relief to, or impose any obligations on, Medical Service Association, Inc. To the extent Austin complains about the addition of that entity to the case style, he has not provided any argument or authority to support of such a complaint. *See* Tex. R. App. P. 38.1(i); *Harrison v. Select Portfolio Servicing, Inc.*, No. 14-21-00425-CV, 2022 WL 17038537, at *2 (Tex. App.—Houston [14th Dist.] Nov. 17, 2022, no pet.) (mem. op.) (overruling issue based on inadequate briefing); *Karaali v. ExxonMobil Corp.*, No. 14-16-00118-CV, 2017 WL 1334589, at *1 (Tex. App.—Houston [14th Dist.] Apr. 11, 2017, no pet.) (mem. op.); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

[3] Austin is representing himself and his arguments frequently lack clarity. Self-represented litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure, including the obligation to state a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (explaining that courts may not stray from procedural rules simply because litigant represents self.). Nonetheless, we construe Austin's brief liberally to reach his appellate issues on the merits when possible. *Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (citing *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012)).

*Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.). To defeat summary judgment, the nonmovant must present evidence creating a genuine issue of material fact on at least one of the elements of the affirmative defense. *See Diversicare Gen. Partner*, 185 S.W.3d at 846.

In his live pleading, Austin alleged that Statewide was negligent and grossly negligent. Negligence claims are governed by a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). Generally, a cause of action accrues and limitations begin to run when facts come into existence that authorize a party to seek a judicial remedy. *Provident Life & Accident Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). A claim that an insurance agent negligently failed to obtain coverage accrues when coverage is denied because that is when the claimant sustains the injury. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 815 n.16 (Tex. 2021) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)).

Mount Vernon denied Austin's claim on April 4, 2014.[4] Thus, Austin's negligence claims accrued on this date, and limitations expired for Austin's negligence claims on April 4, 2016.

---

[4] This letter indicates that Mount Vernon wrote to Austin on December 18, 2013 and January 31, 2014, explaining "that the insurance policy at issue did not provide property insurance coverage for damage to [his] own property, but only liability coverage for damage to another party's property for which [he] may be 'legally obligated to pay.'" On appeal, Austin states, "The cause of action accrued on/or about December 18, 2013 or January 31, 2014, when Mount Vernon denied J. Bridal's claim; and Plaintiff filed this law suit on October 15, 2015. Statewide pleaded in [its] summary judgment that Statewide denied J. Bridal's coverage on April 4, 2014 which is not true, and unfounded liar [sic], and how can agent who is not an insurer den[y] coverage." In effect, Austin suggests an *earlier* accrual date for his claims in making this argument. Statewide, however, did not attach copies of these earlier letters to its summary-judgment motion, so we reference the date of the denial letter (April 4, 2014) that Statewide attached to its motion, which is also the most favorable accrual date for Austin.

Austin also asserted claims for promissory estoppel, breach of express and implied warranties, fraud, and breach of contract. These claims are governed by a four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code §§ 16.004(a) (fraud, breach of contract), 16.051 (promissory estoppel); *Cleveland Reg'l Med. Ctr., L.P. v. Celtic Props., L.C.*, 323 S.W.3d 322, 353 (Tex. App.—Beaumont 2010, pet. denied) ("Actions for breach of express or implied warranties are governed by the four-year statute of limitations . . . .").

Contract and promissory estoppel claims accrue when the contract or promise is breached. *Carl M. Archer Tr. No. 3 v. Tregellas*, 566 S.W.3d 281, 288 (Tex. 2018) (contract); *Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833, 837 (Tex. App.—Dallas 2011, no pet.) (promissory estoppel). Fraud or misrepresentation claims accrue when the false representation is made, or, if the fraud is concealed, at the time it is discovered or could have been discovered by the exercise of reasonable diligence. *Jones v. Markel*, No. 14-14-00216-CV, 2015 WL 3878261, at *5 (Tex. App.—Houston [14th Dist.] June 23, 2015, pet. denied) (mem. op.). Breach of warranty claims generally accrue when the breach occurs. *See B. Mahler Ints., L.P. v. DMAC Constr., Inc.*, 503 S.W.3d 43, 50 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

In its motion for summary judgment, Statewide asserted that these claims, like Austin's negligence claims, accrued when Mount Vernon denied coverage on April 4, 2014. Accordingly, limitations expired on April 4, 2018 for Austin's promissory estoppel, contract, fraud, and breach of warranty claims.

Austin filed his claims against Statewide on October 30, 2015, which was within the applicable limitation periods for all claims. However, he did not achieve service on Statewide before obtaining the default judgment against it on July 15, 2016, as this court previously explained. *See Austin*, 2023 WL 2034244, at *5

6

(holding that trial court lacked personal jurisdiction over Statewide because Austin failed to properly serve it prior to obtaining default judgment). Further, nothing in our record indicates that Statewide has been served with this lawsuit since July 15, 2016.[5] Thus, Statewide conclusively established every element of its limitations defense, including the accrual date. *See, e.g.*, *Diversicare Gen. Partner*, 185 S.W.3d at 846; *Sharp*, 500 S.W.3d at 119.

When, as here, a defendant affirmatively pleads a limitations defense and shows that service was not achieved within the applicable limitations period, the burden shifts to the plaintiff to prove diligence in attempting service. *Draughon v. Johnson*, 631 S.W.3d 81, 93-94 (Tex. 2021); *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007); *Sharp*, 500 S.W.3d at 119. To show diligence, the plaintiff must present evidence of the efforts made to serve the defendant and explain every lapse in effort or period of delay. *Sharp*, 500 S.W.3d at 119; *see Draughon*, 631 S.W.3d at 94 ("To avoid summary judgment, the plaintiff must offer evidence creating a fact issue regarding that reason."). If one or more lapses between service are unexplained or patently unreasonable, then the plaintiff has failed to show diligence as a matter of law, and the defendant will bear no further burden at all. *See Proulx*, 235 S.W.3d at 216. Although diligence is generally a fact question, if a plaintiff offers no excuse

---

[5] We may take judicial notice of our own records in cases involving the same subject matter and the same or nearly the same parties. *See, e.g.*, *In re Brooks*, No. 14-20-00182-CV, 2020 WL 5791980, at *1 n.2 (Tex. App.—Houston [14th Dist.] Sept. 29, 2020, orig. proceeding) (citing *Hernandez v. Sommers*, 587 S.W.3d 461, 471 (Tex. App.—El Paso 2019, pet. denied); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). We do so in this case. In the previous appeal involving Statewide's bill of review, Statewide presented an affidavit from its president stating that it did not learn about the default judgment until January 31, 2019. Even if we presume that Statewide was notified of Austin's claims on this date and that such notification was sufficient for limitations purposes, this date was after limitations expired for all of Austin's claims. And Statewide's petition for bill of review was filed on March 15, 2019, *see Austin*, 2023 WL 2034244, at *2, which likewise was after limitations had expired for all of Austin's claims.

for a delay in service or if the lapse of time and the plaintiff's acts conclusively negate diligence, then courts will find diligence lacking as a matter of law. *Sharp*, 500 S.W.3d at 120.

Austin presented no evidence of the efforts he made to achieve service on Statewide, nor any explanation for any lapses in efforts or periods of delay. On the record before us, we conclude that Austin failed to exercise due diligence as a matter of law. *See, e.g.*, *Ashley v. Hawkins*, 293 S.W.3d 175, 180-81 (Tex. 2009) ("We agree with the trial court and hold that, as a matter of law, Hawkins' responses do not create a fact issue as to diligence, as this eight-month gap in time is left unexplained."); *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding no due diligence as a matter of law when evidence showed plaintiff's actions over four months were not designed to procure the issuance and service of citation); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding five-and-a-half months of inactivity and no service efforts between failed attempts at the wrong address and proper service at the correct address constituted a lack of due diligence); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi–Edinburg 1991, no writ) (stating that request for service five months after suit was filed affirmatively demonstrated lack of due diligence). As such, the trial court did not err in granting summary judgment on limitations in Statewide's favor.

We overrule Austin's first issue.

## B.     Austin's Remaining Issues Lack Merit

The remainder of Austin's appellate arguments relate little to his stated issues[6]

---

[6] *See Karaali*, 2017 WL 1334589, at *1 (explaining that mere mention of issue, without substantive argument and authority to support it, does not comply with Tex. R. App. P. 38.1 and results in waiver for inadequate briefing).

and are largely repetitive of his mistaken belief that because he filed suit in October 2015, the limitations periods for his claims have not expired. However, to the extent that he presents argument in support of these issues, he has not presented any reversible error.

### 1. *Discovery dispute*

In his second issue, Austin asserts that the trial court violated his due process rights by granting summary judgment without considering his pending motion to compel discovery. But he does not identify any pending discovery pertinent to Statewide's limitations defense, nor has he presented any authority suggesting that a discovery dispute interrupts the running of limitations. *See* Tex. R. App. P. 38.1(i). We also note that he did not file a motion for continuance in the trial court or claim that he required additional discovery to adequately respond. Indeed, the bulk of his argument in this issue is related to the application of the discovery rule to Statewide's limitations defense. But Austin did not plead the discovery rule; thus, Statewide was not required to negate it. *See Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019).

We overrule Austin's second issue.

### 2. *Fraudulent concealment*

In his third issue, Austin contends the trial court erred in granting summary judgment because Statewide "fraudulently concealed" its "parent entity," American Matar International. However, concealment of identity does not toll limitations when, regardless of the defendant's identity, the plaintiff knows (or reasonably should know) he has a cause of action. *Baxter v. Gardere Wynne Sewell LLP*, 182 S.W.3d 460, 464 (Tex. App.—Dallas 2006, pet. denied). In other words, the doctrine of fraudulent concealment will not toll limitations unless the wrongdoer fraudulent conceals the plaintiff's *cause of action*. *Id.* Here, Austin knew of his causes of

9

action at the latest on April 4, 2014.  And Austin knew the defendant's trade name and correct business address at the time suit was filed.  Thus, fraudulent concealment does not apply.  *See id.*

Moreover, he did not present any summary-judgment proof in support of this fraudulent concealment claim, which is fatal.  *See Draughon*, 631 S.W.3d at 92-93 (explaining that, when limitations is established by the record as a matter of law and a plaintiff relies on fraudulent concealment to avoid that defense, it is the plaintiff's burden to come forward with proof raising a fact issue with respect to each element of fraudulent concealment); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749-50 (Tex. 1999) (affirming summary judgment on limitations grounds in part because plaintiff "did not carry its burden to both plead the [fraudulent concealment] defense and support it with summary judgment evidence").

We overrule Austin's third issue.

3. *Statewide's answer*

In his fourth issue, Austin contends the trial court erred in granting summary judgment because Statewide answered the 2015 lawsuit.[7]  As noted above,

---

[7] Austin's entire argument in support of this issue is the following:

The question is whether Statewide and its parent entity really wanted to respond and answer the 2015 law suit after she was told by Judge Dollinger during the hearing of Statewide Bill of Review, and motion for summary judgment filed on July 19, 2021.  The judge told them to "engage, file an[] answer and engage the case." (See page 20 RR-15-25).  Again, on 2022 law suit filed by J. Bridal at 157th Judicial District, Statewide filed a Motion to Plea in abatement and motion to dismiss; Judge Garrison gave [S]tatewide a mandatory condition that [S]tatewide to file an answer in the 2015 lawsuit.  The applicable limitations period, that Plaintiff must file a suit within that period and use diligence to serve the defendant with process is four-year.  J. Bridal filed its 2015 law suit, nine months after the cause . . . accrued; and attempted service of process, therefore, Statewide's

10

limitations on Austin's negligence and gross negligence claims expired on January 31, 2016; and limitations on his remaining claims expired, at the latest, on January 31, 2018. Despite never being served with this lawsuit, Statewide answered Austin's lawsuit on September 2, 2022. Contrary to Austin's apparent assumption, a defendant does not waive its statute of limitations defense by appearing and filing an answer after limitations has expired. *E.g.*, Tex. R. Civ. P. 94 (explaining that limitations is an affirmative defense that must be pleaded in an answer).

We overrule Austin's fourth issue.

4. *Default judgment*

In his fifth issue, Austin seeks to revisit the default judgment that was declared void through the bill-of-review proceedings:

> All requirements needed to grant default judgment on the law suit filed by J. Bridal on Oct, 30, 2015 was established on the record even though the Fourteenth Court of Appeals and 189th Judicial District overruled Plaintiff's evidence. J. Bridal filed its Motion for Default Judgment just after the process server returned service and filed with court. The Process server hired by J. Bridal was Duces Tecum Inc., a private server to serve Statewide with the process in California; Duces Tecum Inc. served the process to the Commissioner of Insurance by certified mail return receipt requested.

As can be seen from this excerpt, Austin provides no citations to authorities or the record. Thus, he has waived this issue by inadequately briefing it. *See* Tex. R. App. P. 38.1(i); *Jones-Hospod v. Hospod*, 676 S.W.3d 709, 717 (Tex. App.—El

---

affirmative defense on [s]tatute of limitation fails, and this court must dismiss and vacate the trial court's judgment.

Thus, it appears that the thrust of Austin's argument in this portion of his brief is, once again, his mistaken belief that because he timely filed his lawsuit and attempted (unsuccessfully) to serve Statewide, limitations has not expired.

Paso 2023, no pet.); *Harrison*, 2022 WL 17038537, at *2; *Canton-Carter*, 271 S.W.3d at 931.

Moreover, as explained, the trial court in the bill-of-review proceeding held that the default judgment should not have been rendered because Statewide had never been served. This court affirmed that holding. *See Austin*, 2023 WL 2034244, at *1, 5.

Under these circumstances, we overrule Austin's fifth and final issue.

## Conclusion

Having overruled each of Austin's issues, we affirm the trial court's judgment.


/s/    Kevin Jewell
       Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.